UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN ANTHONY WALCOTT, JR.                         CIVIL ACTION

VERSUS                                              NUMBER: 16-15587

NURSE PAT, ET AL.                                   SECTION: "R"(5)

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion to dismiss of Defendants, Peedie Neal ("Neal"), Nurse Pat ("Pat"), and the Terrebonne Parish Jail Medical Department ("TPJMD"). (Rec. doc. 9). In response to the motion, Plaintiff has filed a motion for leave to amend his complaint. (Rec. doc. 12). For the reasons that follow, it is recommended that Defendants' motion be granted in part and that Plaintiff's amendment be allowed as a matter of course.

Plaintiff, Stephen Anthony Walcott, Jr., an inmate of the Terrebonne Parish Criminal Justice Complex, filed the above-captioned 42 U.S.C. §1983 proceeding regarding the adequacy of the medical care he received after allegedly breaking a tooth on a foreign object that was contained within a prison-issued meal on July 22, 2016. (Rec. doc. 1, pp. 9-13). Named as Defendants in this proceeding were "Nurse Pat," "Nurse/Doctor Peedie Neal," and TPJMD. (Id. at pp. 4, 7, 9).

By virtue of their present motion, the Defendants move for the dismissal of Plaintiff's complaint on various grounds which will be addressed in the reverse order that they were argued in the motion. As for TPJMD, it argues that it is an entity that is incapable of being sued under §1983. (Rec. doc. 9-1, pp. 3-4). The other two Defendants challenge the sufficiency of service as to them, arguing in their motion that "Plaintiff attempted to serve Neal and Pat by dropping off the summons and complaint with a Terrebonne Parish

Consolidated Government employee at 7856 Main Street, Houma, Louisiana." (Rec. doc. 9, p. 1). However, in the memorandum supporting their motion, those Defendants, admitted employees of the Terrebonne Parish Consolidated Government ("TPCG"), also argue that "Plaintiff attempted to serve … [them] by dropping off the summons and complaint with Judy Olivier, a Terrebonne Parish Consolidated Government employee at Government Towers, 8026 Main Street, Houma, Louisiana." (Rec. doc. 9-1, p. 1). Those efforts, Defendants argue, do not constitute personal or domiciliary service as required by Rule 4(e), Fed. R. Civ. P., and that neither Olivier nor any other TPCG employee is authorized to accept service on their behalf. (*Id.* at pp. 1-2). Neal and Pat also express uncertainty over precisely whom Plaintiff intended to name as Defendants in this proceeding as the former is identified by an "apparent nickname" and no last name is provided for the latter. (*Id.* at pp. 2-3). The Defendants attach to their motion the affidavits of "Pat Naquin, EMT" and "Richard Neal" in which they attest to being employees of TPCG and to the correctness of the service of deficiencies that they argue in their motion. (Rec. doc. 9-2, 9-3).

In the caption of his motion to amend, Plaintiff, apparently guided by the Defendants' motion and its attachments, now identifies the individual Defendants by their full names, *i.e.*, Pat Naquin and Richard Neal. (Rec. doc. 12, p. 1). Plaintiff goes on to argue that because those Defendants are in fact employees of TPCG which is physically located at 8026 Main Street, service on an employee of TPCG who is stationed at that location is sufficient. (Rec. doc. 12). Plaintiff points out that service in this case was accomplished by the Marshal, that service on TPCG is effective as to the individual Defendants, and that TPCG "… now is the proper entity to be sued." (*Id.*).

Because Plaintiff was granted leave to proceed *in forma pauperis* in this matter (rec. doc. 3), the Marshal was obligated to effect service on his behalf under Rule 4(c)(3), Fed. R. Civ. P. A review of the record reflects that summonses were issued by the Clerk's Office on October 20, 2016 (rec. doc. 4), were forwarded to and processed by the Marshal's Service on October 21, 2016, and on October 31, 2016, service was made as to all three Defendants upon one Vicki Summers, identified as an Administrative Assistant, at 8026 W. Main Street in Houma. (Rec. doc. 8).[1/] By that time, the Defendants had already moved for an extension of time within which to plead in this matter (rec. doc. 5) and were thus already aware of the pendency of this lawsuit at the time that Summers was served.

Plaintiff having filed his motion to amend within 21 days of service of Defendants' motion to dismiss upon him, the amendment is proper as a matter of course under Rule 15(a)(1)(B), Fed. R. Civ. P. That being the case, leave of court is not required and the supplemental pleading cures any deficiencies in the naming of the individual Defendants, Richard Neal and Pat Naquin. The amendment also substitutes TPCG for TPJMD, the latter of which, as correctly argued by Defendants in their motion, is not an entity capable of being sued under §1983.[2/] *Authement v. Terrebonne Parish Sheriff's Office, et al.*, No. 09-CV-5837, 2009 WL 4782368 at *4 (E.D. La. Dec. 3, 2009). Accordingly, it will be recommended that Defendants' motion to dismiss be granted in that respect and that TPJMD be dismissed from this litigation.

---

[1/] The TPCG's official website identifies the Seventh Floor of 8026 W. Main Street in Houma as its physical address.

[2/] By separate order, the Court will direct that summons be issued as to TPCG and forwarded to the Marshal for service purposes.

As for the individual Defendants, Richard Neal and Pat Naquin, the Court reaches a different result. As noted earlier, because Plaintiff is proceeding *in forma pauperis* in this matter, service was attempted on his behalf by the Marshal pursuant to Rule 4(c)(3). In fact, while Plaintiff provided a post office box number in his complaint where service could be effected on the individual Defendants (rec. doc. 1, p. 4), the Marshal's "USM-285" form contains a street address for service purposes and service was ultimately made on Administrative Assistant Summers at the physical address of TPCG on October 31, 2016. (Rec. doc. 8). The Defendants were obviously aware of the existence of this lawsuit by then because they had already moved for an extension of time to plead. As the Fifth Circuit has noted, "… a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987).

In this case, the service that was attempted was controlled solely by the Marshal in terms of the manner employed and the person to whom summonses and Plaintiff's complaint were delivered. The only service-related fault that could possibly be attributable to Plaintiff is his provision of a post office box rather than a more appropriate address where the individual Defendants could properly be served. While the Defendants are certainly free to expect that service be made in strict compliance with Rule 4, given Plaintiff's *pro se* status it would be inappropriate to dismiss this case at this juncture without affording Plaintiff a reasonable time within which to conduct discovery to determine appropriate addresses at which personal or domiciliary service can be effected by the Marshal on the individual

4

Defendants.³/ Accordingly, it will be recommended that Defendants' motion as to Neal and Pat be denied without prejudice, reserving to them the right to re-urge their motion after Plaintiff has a reasonable opportunity to discover their addresses for service purposes.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' motion to dismiss be granted in part and that Plaintiff's claim against the Terrebonne Parish Jail Medical Department be dismissed.

It is further recommended that the remainder of Defendants' motion be denied without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).⁴/

---

³/ Alternatively, given the fact that the Defendants were aware of this lawsuit even before service was made on an Administrative Assistant stationed at the physical address of TPCG, the acknowledged employer of the individual Defendants, they may wish to consider waiving any technical defects in the previous service that was attempted by the Marshal and proceed to the defense of the substantive claim made by Plaintiff in this proceeding.

⁴/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this  28th  day of            December           , 2016.

                                                MICHAEL B. NORTH
                                        UNITED STATES MAGISTRATE JUDGE